Filed 3/8/22  P. v. Balderas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL BALDERAS,<br><br>    Defendant and Appellant. | B309046<br><br>(Los Angeles County<br>Super. Ct. No. BA456643-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, David E. Madeo and Theresa A.

Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Defendant and appellant Gabriel Balderas was the driver in a drive-by shooting in which passenger Anthony Paredes shot at a residence, striking and injuring a young child playing on the porch. A second person was on the porch with the child. Balderas claimed that he believed Paredes planned to yell at the people who lived in the house as they drove past it, and that he was not aware Paredes planned to shoot anyone. At trial, the prosecution proceeded on alternative theories of liability—(1) that Balderas directly aided and abetted the crimes, or (2) that Balderas was liable because the crimes were the natural and probable consequences of disturbing the peace. The jury was instructed that it was not required to agree unanimously regarding the theory of liability.

The jury found Balderas guilty of two counts of willful, deliberate, premeditated attempted murder (Pen. Code, §§ 664/187, subd. (a) [counts 1 & 2]),[1] and one count of shooting at an inhabited dwelling (§ 246 [count 3]). As to all three counts, the jury found true gun use (§ 12022.53, subds. (b)–(d) & (e)(1)) and gang allegations (§ 186.22, subd. (b)(1)(C) & (b)(4)). The trial court sentenced Balderas to three concurrent terms of 15 years to life in prison, and imposed and stayed the firearms enhancements. Balderas filed a timely appeal.

In his opening brief, Balderas contended that under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

reasoning in *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), the natural and probable consequences doctrine was no longer a valid basis for a conviction of premeditated attempted murder in California. He contended that his attempted murder convictions should be reversed because the record did not establish beyond a reasonable doubt that the jury based its verdicts on a legally valid theory of attempted murder. The People responded that regardless of the viability of the natural and probable consequences theory of attempted murder, Balderas's convictions should stand because the trial court's instructions on premeditation and deliberation required the jury to find that Balderas personally intended to kill the victims; therefore, Balderas would still be guilty of the attempted murders under the current laws.

On January 1, 2022, while Balderas's appeal was pending, Senate Bill No. 775 (Stats. 2021, ch. 551, §§ 1–2) (Senate Bill 775) and Assembly Bill No. 333 (Stats. 2021, ch. 699, §§ 1–5) (Assembly Bill 333) became effective. Senate Bill 775 amends section 1170.95 to permit a person convicted of attempted murder under the natural and probable consequences doctrine whose case is still pending to challenge the attempted murder conviction on direct appeal. (§ 1170.95, subds. (a) & (g).) Assembly Bill 333 imposed additional elements to establish gang enhancements imposed pursuant to section 186.22. We invited the parties to file supplemental briefing regarding the effect, if any, of Senate Bill 775 and Assembly Bill 333 on Balderas's case.

The parties filed letter briefs. Balderas argues, and the People concede, that both the amendments to section 1170.95 effected by Senate Bill 775 and the amendments to section 186.22 effected by Assembly Bill 333 apply retroactively to his case.

Balderas and the People also agree that, pursuant to Assembly Bill 333, we must vacate the gang enhancements imposed under section 186.22 and the gun enhancements imposed under section 12022.53, subdivisions (b)–(d) and (e)(1), and remand the matter to the trial court to afford the People the opportunity retry the enhancements under the current requirements. The parties disagree, however, regarding the impact of Senate Bill 775: Balderas contends the jury may have convicted him under a legally invalid theory, while the People argue the jury's verdicts indicate, as a matter of law, that Balderas was found guilty under a still valid theory of attempted murder. On this remaining contested issue, we agree with the People.

We vacate the sentence enhancements imposed under sections 186.22 and 12022.53, and remand for further proceedings consistent with this opinion, but otherwise affirm the trial court's judgment.

## DISCUSSION

### Senate Bills 1437 and 775

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) At the time that Balderas filed the notice of appeal, the issues of whether Senate Bill 1437 applied to attempted murder and whether a defendant could challenge a

conviction on direct appeal were pending before our Supreme Court. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, cause transferred and opinion not citable (Cal., Nov. 10, 2021, No. S258175).)

Senate Bill 775 became effective while this appeal was pending. Under the amendments made by Senate Bill 775, a person convicted of attempted murder under the natural and probable consequences doctrine may directly appeal the conviction pursuant to section 1170.95, subdivision (g). Senate Bill 775 clarifies "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."[2] (Stats. 2021, ch. 551, § 1.)

### Analysis

Balderas contends that his attempted murder convictions must be reversed under Senate Bill 775's amendments to section 1170.95, because the record does not establish that the jury based its verdicts on a valid legal theory of liability for attempted murder. He asserts that the error was not harmless beyond a reasonable doubt, the jury was instructed that it need not unanimously agree regarding the theory of guilt, and the evidence was susceptible to conflicting reasonable inferences. Balderas argues that the jury's true findings with respect to

---

[2] Because Senate Bill 775 abrogates attempted murder under the natural and probable consequences doctrine, we need not consider the implications of *Chiu*, *supra*, 59 Cal.4th 155, in the context of attempted murder.

premeditation and deliberation were not dispositive because the jury instructions did not require the jury to find that Balderas personally intended to kill the victims.

The People argue that Balderas's claim is without merit because the record demonstrates beyond a reasonable doubt that the jury based its verdict on the valid legal theory that Balderas was a direct aider and abettor of the attempted murders. In finding that Balderas committed premeditated and deliberate attempted murder, the jury necessarily found that he harbored the intent to kill. The People further argue that it was extremely unlikely that the jury would have found Balderas guilty under the natural and probable consequences theory given the overwhelming evidence of his guilt as a direct aider and abettor.

Where the jury is instructed on two theories of liability— one valid and one invalid—we must reverse the conviction unless we can conclude beyond a reasonable doubt that the error was harmless. (*People v. Aledamat* (2019) 8 Cal.5th 1, 9.) In this case, we conclude the error was harmless, because in finding that the attempted murders were premeditated and deliberate, the jury necessarily found that Balderas intended to kill the victims, and he was therefore legally convicted of attempted murder as defined under the revised and current laws. (§§ 188, subd. (a)(1) & 664.)

Here, the jury was instructed regarding attempted murder under CALCRIM No. 600 that: "The defendant is charged with attempted murder in counts 1 and 2. [¶] To prove that the defendant is guilty of attempted murder, the People must prove that: [¶] 1. *The defendant* took at least one direct but ineffective step toward the killing of another person; [¶] and [¶] 2. *The defendant* intended to kill that person." (Italics added.)

6

The jury was instructed that Balderas could be convicted of a crime (attempted murder or shooting at an inhabited dwelling) as an aider and abettor of the perpetrator if he knew of the perpetrator's unlawful purpose and specifically intended to and did aid, facilitate, promote, encourage, or instigate the perpetrator's commission of a crime. (CALCRIM No. 400 [aiding and abetting; general principles; CALCRIM No. 401 [aiding and abetting intended crimes].)

The trial court also instructed the jury that it could find Balderas guilty of attempted murder as a natural and probable consequence of committing the crime of disturbing the peace under CALCRIM No. 402, if the People proved beyond a reasonable doubt that:

"1.  The defendant is guilty of disturbing the peace, in violation of Penal Code section 415;

"2.  During the commission of disturbing the peace the crime of attempted murder and shooting into an inhabited dwelling occurred;

"And

"3.  Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of attempted murder and shooting into an inhabited dwelling was a natural and probable consequence of commission of disturbing the peace."[3]

---

[3] The instructions quoted above are the verbal instructions given to the jury as reflected in the reporter's transcript at trial. We note that the written instructions provided to the jury differ from the oral instructions; specifically, the written instructions omitted count 3 (shooting at an inhabited dwelling) as an additional basis for liability from elements 2 and 3 of the

7

With respect to the allegations that Balderas committed the attempted murders with premeditation and deliberation, the trial court instructed under CALCRIM No. 601, in relevant part:

"If you find the defendant guilty of attempted murder, you must then decide whether the People have proved the additional allegation that the attempted murder was done willfully, and with deliberation and premeditation.

"*The defendant* acted willfully if he intended to kill when he acted. *The defendant* deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. *The defendant* acted with premeditation if he decided to kill before completing the act of attempted murder." (Italics added.)

The jury convicted Balderas of two counts of attempted murder and found true the special allegations that he committed the attempted murders with premeditation and deliberation.

Balderas argues that CALCRIM No. 601 instructed the jury that it must determine whether "the attempted murder *was done* willfully, and with deliberation and premeditation" (italics added), but did not instruct it that it must find *Balderas personally* (and not the shooter) acted with premeditation and deliberation in the attempted murder—i.e., it did not instruct the jury that Balderas had to intend to kill for the attempted murders to be premeditated and deliberate. Balderas acknowledges that CALCRIM No. 601 refers to "the defendant" when defining willfulness, deliberation, and premeditation, but he argues that the term "defendant" was confusing because of the

_____

attempted murder instruction quoted above. The differences do not impact the result here, as our analysis is based upon the oral instructions, which are broader than the written instructions.

8

manner in which it was employed in CALCRIM No. 600. There, he argues, the term referred interchangeably to the perpetrator and the defendant.

The argument lacks merit. As Balderas concedes, the premeditation and deliberation special allegation instruction (CALCRIM No. 601) referred solely to "the defendant". It was therefore clear that it was Balderas's mental state that was at issue. Balderas was not tried with Paredes; he was the *only* defendant in this case. As such, the jury would not have understood "the defendant" to mean anyone other than Balderas.

Moreover, any confusion as to the term "the defendant" as used in the attempted murder instruction (CALCRIM No. 600) could not have inured to Balderas's benefit, as the jury would have understood the intent requirement to be that of Balderas, the defendant, not the perpetrator. So construed, the instruction would require the jury to find that Balderas intended to kill the victims. The jury's true findings at trial on the premeditation and deliberation allegations establish as a matter of law that Balderas intended to kill, and was therefore convicted under a theory of attempted murder that remains legally valid under current law. Any error is harmless beyond a reasonable doubt.

***Assembly Bill No. 333***

"Assembly Bill 333 amends section 186.22 to require proof of additional elements to establish a gang enhancement." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 343 (*Lopez*).) As relevant here, the bill amends section 186.22, subdivision (e)(1) to require the prosecution to prove "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained

9

juvenile petition for, or conviction of" two or more of the offenses enumerated in subdivision (e)(1)(A)–(Z) to establish a "'pattern of criminal gang activity[.]'" "[A]t least one of these offenses [must have] occurred after the effective date of this chapter, and the last of [the] offenses [must have] occurred within three years of the prior offense and within three years of the date the current offense is alleged to have been committed." (§ 188.22, subd. (e)(1).) The prosecution must prove that "the offenses were committed on separate occasions or by two or more members, the offenses commonly benefited a criminal street gang, and the common benefit of the offense is more than reputational." (*Ibid.*)

These amendments to section 186.22 also impact certain gun enhancements imposed under section 12022.53. Where the defendant has not personally used a firearm in the commission of the offense, that defendant will still be subject to a firearm enhancement if the defendant was "'convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members' as set forth in section 186.22, subdivision (b)" and "'[a]ny principal in the offense' . . . 'committed any act specified in subdivision (b), (c), or (d),' that is, any principal involved in the offense must have personally used a firearm in the escalating use categories provided in section 12022.53, subdivisions (b) through (d)." (*Lopez*, *supra*, 73 Cal.App.5th at p. 347.)

We agree with the parties that the aforementioned amendments to section 186.22 apply retroactively to cases like Balderas's, which was still pending on appeal at the time the legislation took effect. (*Lopez*, *supra*, 73 Cal.App.5th at p. 344; see also *People v. Figueroa* (1993) 20 Cal.App.4th 65, 68

(*Figueroa*) ["[A] defendant is entitled to the benefit of an amendment to an enhancement statute, adding a new element to the enhancement, where the statutory change becomes effective while the case was on appeal, and the Legislature did not preclude its effect to pending cases"].)

Here, the People concede that the two predicate offenses used at trial to establish a pattern of criminal gang activity were not committed within three years of the date of the charged offenses, as required under the revised terms of section 186.22, subdivision (e)(1), and that, as a consequence, the gang enhancements must be vacated.[4] We accept the People's concession.[5] We also accept the People's concession that, because the gun enhancements were imposed under section 12022.53, subdivision (e)(1), on the basis that the offense was committed for the benefit of a criminal street gang and a principal (other than Balderas) used a firearm in commission of the crime, the gun enhancements must also be vacated. (See *Lopez*, *supra*, 73 Cal.App.5th at pp. 347–348.)

Under these circumstances, remand is required and the prosecution must be permitted to retry the enhancement. (See *People v. Eagle* (2016) 246 Cal.App.4th 275, 280, citing *Figueroa*, *supra*, 20 Cal.App.4th at pp. 71–72, fn. 2 ["When a statutory amendment adds an additional element to an offense, the

---

[4] The current offenses were committed on April 15, 2017. The predicate offenses introduced at trial were committed on July 8, 2012, and April 2, 2013.

[5] Balderas raises several grounds for vacating the gang enhancements, however, having reached the conclusion that the enhancements must be vacated on this ground, we need not address the other arguments that he raises.

11

prosecution must be afforded the opportunity to establish the additional element upon remand"].)

## DISPOSITION

We affirm the convictions.  We vacate the gang enhancement allegation findings under section 186.22, and the gang-related firearm enhancement findings under section 12022.53, and remand the matter to the trial court to permit the People to elect to retry the allegations or, if the People do not elect to retry the allegations, to proceed with resentencing Balderas in conformance with this opinion.


MOOR, J.

We concur:


RUBIN, P. J.


KIM, J.

12